UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUHARREM BALKANLI,

Petitioner,

v.                                                      CAUSE NO. 3:26cv365 DRL-SJF

KRISTI NOEM, UNITED STATES, US
DHS, US ICE, MIAMI CORRECTIONAL
FACILITY, INDIANA DEPARTMENT OF
CORRECTION, and ALL OTHERS TO BE
NAMES FROM A TO Z 1 TO 1000,

Respondents.

ORDER

Immigration detainee Muharrem Balkanli, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Mr. Balkani was taken into the custody of United States Immigration and Customs Enforcement (ICE) on February 13, 2026, and he was served a notice to appear. The notice charged him with being removable under 8 U.S.C. § 1227(a)(3)(D) as an alien who falsely represented himself to be a citizen of the United States for any purpose or benefit under the Immigration and Nationality Act and under 8 U.S.C. § 1227(a)(2)(A)(i) as being convicted of a crime involving moral turpitude within five years

after admission for which a sentence of one year or longer may be imposed [1-2]. Upon his detention, an ICE officer determined that Mr. Balkani should remain in custody. Mr. Balkani requested a custody redetermination before an immigration judge, but whether that custody redetermination happened is not in the record.

Mr. Balkani filed this habeas petition in March 2026, arguing that his detention is unlawful because he is a national of the United States, he is a Diplomat Sovereign Apostle Professor at Law, and he is a Private Sovereign Foreign Diplomat pursuant to the 1790 Tripoli Treaty. He also alleges that any federal or state crimes are excused because they are "commercial exercises" and "commercial transactions" and all debts are set off and discharged by House Joint Resolution (HJR) 192[1] and Public Law 93-54.[2] He asks to be released.

Most of Mr. Balkanli's allegations fall under the umbrella of the oft-rejected sovereign-citizen type claims, and as such may be rejected out of hand without further discussion. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("These theories [regarding sovereign citizens, secured-party creditors, or flesh-and-blood humans] should be rejected summarily, however they are presented."); *Gladney v. Pendleton Corr. Facility*, 302

---

[1] HJR 192 appears to refer to a 1933 Act of Congress "which voided obligations requiring payment 'in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby' as against public policy, and provided that United States currency is legal tender for all debts." *Coppedge v. PNC Bank*, No. CV 18-2123, 2018 WL 10811876, 1 and n.1 (E.D. Pa. Nov. 21, 2018) (quoting H.R.J. Res. 192, 73rd Cong. (1933) (enacted)). This law is used, in combination with others, by litigants to argue that their debts have been discharged. "Nevertheless, as numerous other courts have held, a claim for the discharge of debt under the Redemptionist theory pursuant to HJR 192, Public Law 73-10, and the UCC fails as a matter of law[.]" *Id.*

[2] Public Law 93-54 was an amendment to an act regarding program for the preservation of historic properties throughout the United States. PL 93–54 (S 1201), PL 93–54, JULY 1, 1973, 87 Stat 139.

F.3d 773, 774 (7th Cir. 2002) ("Stated differently but with the same result, no evidentiary hearing is required in a prisoner's case (or anyone else's, for that matter) when the factual allegations are incredible.").

The only allegation that merits discussion is his allegation that he is a United States national. It is a complex issue whether a district court has jurisdiction over a habeas petition in which a detainee alleges his detention is unlawful because he is a United States citizen or national. *See Duncan v. Kavanagh*, 439 F. Supp. 3d 576, 584–86 (D. Md. 2020) (discussing positions of various courts of appeals on the issue of whether a citizenship claim may be presented in a § 2241 petition challenging immigration detention). However, here, Mr. Balkanli's assertion of United States citizenship or nationality is too frivolous to invoke the jurisdiction of this court. He provides no basis in fact for his claim of United States citizenship or nationality, relying only on his own proclamation that he is a United States national. His proclamation does not provide a reasonable basis to infer he might have a claim to United States nationality.

For these reasons, the court DISMISSES the claim of United States nationality for lack of jurisdiction and DENIES the petition (ECF 1).

SO ORDERED.

May 15, 2026                                           *s/ Damon R. Leichty*
                                                       Judge, United States District Court